UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VERA HERNANDEZ, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Case No. <br> § <br> EQUIFAX INFORMATION SERVICES, § <br> LLC., § <br> § <br> Defendants. § | |

**COMPLAINT and DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, VERA HERNANDEZ ("Plaintiff"), through her attorney, hereby alleges the following against Defendant EQUIFAX INFORMATION SERVICES, LLC. ("EQUIFAX") ("Defendant"):

**Nature of the Action**

1. This action is brought by Plaintiff pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**Parties**

2. Plaintiff is a natural person residing in Travis County, in the City of Austin, in the State of Texas and is otherwise *sui juris*. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3. On information and belief, this includes consumer reporting agencies such as TransUnion, LLC ("TransUnion"), Experian Information Solutions, Inc. ("Experian") and Defendant EQUIFAX, INC. ("EQUIFAX").

4. Defendant EQUIFAX is a corporation conducting business in the State of Texas and is headquartered in Atlanta, Georgia.

5. Although TransUnion and Experian are not parties to this lawsuit, they are, along with Defendant EQUIFAX, notwithstanding, nationwide consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f).

6. Defendant EQUIFAX along with Experian and TransUnion regularly engage in the business of assembling, evaluating and distributing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports to third parties, as such are defined in 15 U.S.C. § 1681a(f).

## Jurisdiction and Venue

7. Defendant conducts business in Texas and therefore personal jurisdiction is established.

8. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681p, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9. Venue is proper in the United States District Court District of Texas pursuant to 28 U.S.C § 1391b because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## Factual Allegations

10. On or around December 26, 2018, Plaintiff and Synchrony Bank agreed to settle an outstanding debt owed by Plaintiff to on a credit account ending in 0040 (the "Account") in the amount of $2,923.00.

11. This agreement and the terms thereof were memorialized in writing, including the payment schedule, which Plaintiff timely observed.

12. On or around November 28, 2019, Plaintiff satisfied the settlement terms by making the final payment agreed to by Synchrony Bank, thereby resulting in a zero-balance owed on the Account.

13. On or about March 16, 2020, Plaintiff obtained a copy of her credit report from Defendant EQUIFAX.  Although Plaintiff satisfied the settlement agreement with Synchrony Bank, on or about November 28, 2019, her credit report showed the Account as "charged off" with a past due balance of $2,554.00. All of these entries are inaccurate.

14. On or around March 25, 2020, Plaintiff sent a letter to Defendant EQUIFAX disputing incorrect information that was being reported on Plaintiff's credit report regarding the Account with Synchrony Bank.

15. On information and belief, Defendant EQUIFAX, in disregardof  its responsibility in 15 U.S.C. § 1681i, did not notify Synchrony Bank of the disputed inaccuracies of the information they provided concerning the Account.

16. On or around July 14, 2020, Plaintiff received an updated credit report from Defendant EQUIFAX, reporting the results of its investigation concerning the inaccuracies identified by Plaintiff.

17. The updated credit report provided by EQUIFAX failed to show that the inaccurate information had been updated, corrected, or removed.

18. Upon being notified by Plaintiff of inaccurate information, Defendant EQUIFAX, pursuant to 15 U.S.C. § 1681e(b), was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Instead of following reasonable procedures, Defendant failed to even notify Synchrony Bank of the dispute. If Defendant would have

complied with its statutory duties, incorrect information concerning Plaintiff would not have been reported despite the notice given.

19. As a result of this conduct, action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

## FIRST CAUSE OF ACTION

## DEFENDANT VIOLATED THE FCRA 15 U.S.C. § 1681e(b)

20. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

21. Defendant EQUIFAX's violations include, but are not limited to, the following:

   a. Defendant violated *§1681e(b)* of the FCRA by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for the following:

## FIRST CAUSE OF ACTION

22. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681(c);

23. Punitive damages as the Court any allow pursuant to 15 U.S.C. § 1681n(2);

24. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681(n)(c); and

25. Awarding such other and further relief as may be just, proper and equitable.

## JURY TRIAL DEMAND

26. Plaintiff demands a jury trial on all issues so triable.

                                        RESPECTFULLY SUBMITTED,


Dated: January 5, 2021              By: */s/ Adam T. Hill*
                                        Adam T. Hill
                                        The Law Offices of Jeffrey Lohman, P.C.
                                        28544 Old Town Front Street, Suite 201
                                        Temecula, CA 92590
                                        T: (657) 236-3525
                                        F: (602) 857-8207
                                        Email: AdamH@jlohman.com

                                        Attorney for Plaintiff Vera Hernandez